UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROGER BOOKER and MILDRED BOOKER, Individually and
as Parents and Guardians of Minor Daughter, ELISABETH,

                                                         Plaintiffs,

                                                         00-CV-443

              v.

BOARD OF EDUCATION, BALDWINSVILLE CENTRAL SCHOOL
DISTRICT; THEODORE GILKEY, in his official capacity as Deputy
Superintendent of Baldwinsville Central School District; JEANNE
RACE, in her official capacity as Deputy Superintendent of Baldwinsville
CENTRAL SCHOOL DISTRICT; IRVING GRAY, in his official capacity as
Principal of Durgee Junior High School; JOSEPH LAZARSKI, in his official
capacity as Principal of Donald Ray Middle School; KARENDONAHUE, in
her official capacity as Assistant Principal at DonaldRay Middle School;
ANDREA FRASCATORE, in her official capacity as teacher at Durgee
Junior High School,

                                                        Defendants,
_____

APPEARANCES:                                  OF COUNSEL:

E. CAROLYN SCOTT, ESQ.
Attorney for Plaintiffs
627 Megis Street
Rochester, NY 14620


O'HARA & O'CONNELL                   STEPHEN CIOTOLE, ESQ.
Attorneys for Defendants
7207 East Genesee Street
Fayetteville, NY 13066


HOWARD G. MUNSON, SR. J.

**MEMORANDUM DECISION AND ORDER**

Currently before the court is a motion by defendants' counsel and their insurer, Utica Mutual Insurance Company, to recover attorneys' fees in the amount of $21,799.55 from the plaintiffs, under 42 U.S.C. § 1988, and Federal Rules of Civil Procedure 54 and 11. Plaintiffs have entered opposition to this motion.

The court first notes that a motion for sanctions under Federal Rule of Civil Procedure 11(c) must be made separately from other motions or requests and must specify the conduct alleged to violate Rule 11(b). Perpetual Securities, Inc. v. Tang, 290 F.3d 132, 141-42 (2d Cir.2002). Because defendants' request for sanctions was not made separately from their motion for attorneys fees, it is procedurally flawed and must be denied.

## BACKGROUND

During the period the events in the instant case took place, Elisabeth Booker ("Elisabeth") resided with her parents and guardians, plaintiffs Roger and Mildred Booker, ("the Bookers")in the Baldwinsville, Central School District (the "District"). In the 1998-99 school year, Elisabeth attended the District's Ray Middle School, and in 1999-00, she finished the eighth grade at Durgee Junior High School.   The Bookers instituted a lawsuit naming as defendants, the District, and in their official capacities, Dr. Gilkey, the District's chief executive officer; Jeanne Race, the District's assistant superintendent until November 2001; Irving Grey ("Grey"), principal of Durgee Middle School; Joseph Lazarski ("Lazarski"), principal of Ray Middle School: and Karen Donahue ("Donahue"), Ray Middle School's assistant principal in 1998-99. The complaint alleged, *inter alia*, that these defendants, failed to implement proper disciplinary proceedings against certain classmates who Elisabeth contends harassed her. The complaint also alleged that Elisabeth's math teacher, Andrea

Frascatore, ("Frascatore") violated Elisabeth's civil rights by assigning her to sit in a study carrel during class periods because she repeatedly talked in class.

The second amended complaint alleged that defendants' actions violated 42 U.S.C. § 1981 and § 1983, and 42 U.S.C. § 2000d - Title VI of the Civil Rights Act of 1964. The relief sought compensatory and punitive damages, costs and attorney fees.

In 1991, Congress amended § 1981 to include a provision that, "The rights protected by this section are protected against impairment by non-governmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). Where defendants to a lawsuit are state actors § 1981 claims merge into § 1983 claims. Because § 1981 provides no broader remedy against a state actor than § 1983 and since they merge into one another, the court need provide no further analysis on this point. The § 1981 claim is treated exactly like the § 1983 claim, becomes merged into it and is considered as a single claim. Pearson v. Macon-Bibb County Hospital Authority, 952 F.2d 1274, 1278 n. 3 (11th Cir.1992); Anderson v. Conboy, 156 F.3d 167, 176 (2d Cir. 1998).

On May 8, 2002, defendants moved for summary judgment dismissing the second amended complaint. plaintiffs entered opposition to the motion.

This court granted defendants' summary judgment motion as to Plaintiffs' §1983 claims against all defendants. plaintiffs' Title VI claim was also dismissed because it failed to allege that the School District was the recipient of federal financial aid, but this was done without prejudice to Plaintiff's right to amend their complaint to satisfy their pleading burden under Title VI if they did so within thirty days of the entry of the court's Order. Booker v. Board of Education, Baldwinsville Central School District, 238 F. Supp.2d 469, 474, 476 (N.D.N.Y. 2002).

Plaintiffs then timely filed a properly plead third amended complaint naming as defendants the Baldwinsville Central School District Board of Education and Theodore Gilkey, Superintendent of Schools for the Baldwinsville Central School District, and alleging that they violated Title VI - 42 U.S.C. § 2000-d, by engaging in discriminatory practices while receiving federal funds.

Defendants' again moved for summary judgment. This court granted the motion. and dismissed the complaint in its entirety.

Defendants subsequently filed their motion for attorneys' fees.

## DISCUSSION

Plaintiffs contend that defendants are not entitled to attorneys' fees under Rules 54 and 11 or 42 U.S.C. § 1988, because their motion was not timely filed. Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure states that, "[u]nless otherwise provided by statute or order of the court," any motion for attorneys' fees must be made "no later than 14 days after entry of judgment."

This court's last judgment in the instant case was filed on April 1, 2005. This necessitated that defendants' fee motion had to be filed and served on or before April 15, 2005. The Notice of Electronic filing states that, "[t]he following document was received from Evans, James P. (defendants' counsel) entered on 4/16/2005 at 0:01 AM and filed on 4/15/2005."

Plaintiffs' counsel was a user of the electronic filing system, and, by the terms of General Order #22, 5.2, N.D.N.Y, the system's e-mailing of the Notice of Electronic Filing was the

equivalent of service of the pleading or other paper by first class mail, postage prepaid.  This meant that she did not receive the motion papers until April 16, 2005, consequently, defendants' counsel failed to serve required document within the statutory time period.

However, "the fourteen day deadline embodied in Rule 54 is not a fatal jurisdictional deadline." Tancredi v. Metropolitan Life Insurance Co., 378 F.3d 220, 227 (2d Cir.2004). A court may extend the deadline, and entertain a late filed motion for fees, where the moving party has demonstrated "excusable neglect." Id. at 226-28

As the Supreme Court has acknowledged, "'[e]xcusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of movant." LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir.1995) 0(quoting Pioneer, 507 U.S. at 392, 113 S.Ct. at 1496). "Rather, [excusable neglect] may encompass delays 'caused by inadvertence, mistake, or carelessness,'. ..., at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit."   Id. (quoting Pioneer Investment Services Company v. Brunswick Associates, 507 U.S. 380, 388, and 394-95, 113 S. Ct. 1489, 1495 and 1498, 123 L. Ed.2d 74 1993;  Natural Father and Natural Mother v. Tolbert, 170 F.R.D. 107, 110 (S.D.N.Y.1997) ("Excusable neglect encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.").  A determination of excusable neglect will not be overturned on appeal absent a showing of abuse of discretion. LoSacco, 71 F.3d at 93 (citing, *inter alia*, Lujan v. National Wildlife Federation, 497 U.S. 871, 895-98, 110 S. Ct. 3177, 3192-94, 111 L. Ed.2d 695 (1990)).

Applying the three factor test articulated by the Pioneer Court to the record presently

before it persuades the court that plaintiff defendants' failure to timely file this motion was the result of excusable neglect. As to the danger of prejudice to the opposing party (here, the plaintiffs), this factor weighs in favor of a finding of excusable neglect. In arguing that this fee motion should be denied as untimely, plaintiffs make absolutely no mention of potential prejudice. Moreover, it is difficult to see how there could be any prejudice to the defendants because, their own submission, shows that the fee motion was received only one minute late. Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Attorney's Fees (Pltfs. Memo.") at 2. Therefore, in keeping with one of the purposes of the fourteen day filing requirement for attorney's fee motions, which "is to assure that the opposing party is informed of the [fee] claim before the time for appeal is lapsed," defendants still had fourteen days from the date of receipt of this motion in which to decide whether or not to file an appeal.

Whatever showing might be required for an extension of the fourteen day period, either by Rule 54(d)(2) or by Rule 6(b)(2), has been made. The failure to file the motion within the fourteen day period obviously was inadvertent in this case, and plaintiffs do not argue otherwise. Judges repeatedly have allowed late fee motions where, as here, the factors for so doing set forth in Potter, have been met. Sokoloff v. General Nutrition Companies., 2001 WL 536072, at *3 (D.N.J. May 21, 2001); McPhatter v. Cribb, 2000 WL 743972, at *1 (W.D.N.Y. May 25, 2000); Walker v. City of Bogalusa, 1997 WL 666203, at *1 (E.D.La. Oct.24, 1997), aff'd, 168 F.3d 237 (5th Cir.1999); Blissett v. Casey, 969 F.Supp. 118, 123-24 (N.D.N.Y.1997), aff'd, 147 F.3d 218 (2d Cir.1998), *cert. denied*, 527 U.S. 1034, 119 S. Ct. 2392, 114 S. Ct. 793 (1999); Anderson v. Ford Motor Company, 1997 WL 158133, at *1 n. 1 (E.D.Pa. Apr.1, 1997); Schwartz v. Dolan, 159 F.R.D. 380, 385-86 (N.D.N.Y.1995), vacated on other grounds, 86 F.3d 315 (2d Cir.1996).

In the federal courts, and indeed in all the courts in the United States, the general rule guiding the awarding of attorneys fees is that each party bears the responsibility of paying their own costs. Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed.2d 27 (1991); Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L. Ed.2d 40 (1983); Alyeska Pipeline Service Co. v. Wilderness Society., 421 U.S. 240, 95 S. Ct. 1612, 44 L. Ed.2d 141 (1975). The "American Rule," as it has become known, was based on the principle that awarding costs to the prevailing party would potentially stifle reasonable, well-founded lawsuits. However, in response to the Alyeska decision, Congress created an exception to the "American Rule" when they enacted the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. §1988(b) which authorizes the district courts to award reasonable attorney's fees and costs to the prevailing party in civil rights litigation. Specifically, §1988(b) states, in pertinent part, that "the court, in its discretion may allow the prevailing party ... a reasonable attorney's fee as part of the costs...."

While the United States Supreme Court has interpreted §1988(b) as a proper measure of relief for a prevailing party plaintiff, it has discouraged the awarding of attorney fees and costs where the defendant is the prevailing party. Hughes v. Rowe, 449 U.S. 5, 14, 101 S. Ct. 173, 66 L. Ed.2d 163 (1980) (*per curiam*); Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 422, 98 S. Ct. 694, 54 L. Ed.2d 648 (1978). The Supreme Court in Christiansburg articulated two policy reasons for this dichotomy. First, "the plaintiff is the chosen instrument of Congress to vindicate a policy that Congress considered of the highest priority." Id. at 418, 98 S. Ct. 694. "Second, when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law." Id.

In Hughes v. Rowe, *supra*, the Supreme Court reiterated its policy to treat prevailing party

7

defendants differently from prevailing party plaintiffs when assessing attorneys fees and costs. The Court stated that, "[t]he fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees" in favor of the defendant. Hughes, 449 U.S. at 14, 101 S. Ct. 173. While the Supreme Court did not rule out the possibility of a district court awarding fees and costs to a prevailing party defendant, the Court stated that for a district court to do so, "[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation." Id. Moreover, the Second Circuit has added that, "[i]n order to avoid chilling the initiation and prosecution of meritorious civil rights actions, fees are not to be awarded to a prevailing defendant unless the plaintiff's action was 'frivolous, unreasonable, or groundless, or ... the plaintiff continued to litigate after it clearly became so.' " LeBlanc-Sternberg v. Fletcher, 143 F.3d 765 (2d Cir.1998) (quoting Christiansburg, 434 U.S. at 422, 98 S. Ct.. 694). Further, the Court is guided by the Second Circuit's pronouncement in Rounseville v. Zahl, 13 F.3d 625 (2d Cir.1994) that "we are hesitant to award attorney's fees to victorious defendants in section 1983 actions." Id. at 632.

Section 626(b) of the ADEA takes a similarly circumspect approach in awarding a prevailing defendant attorney's fees. Cote v. James River Corp., 761 F.2d 60, 61 (1st Cir.1985) (applying Christiansburg standard in deciding attorney's fees for prevailing defendant in Title VII and ADEA case); Tang v. State of Rhode Island Department of Elderly Affairs, 163 F.3d 7, 13 (1st Cir.1998) (considering Title VII and 42 U.S.C. § 1988 (1999 & Supp.2004) fees under the same standard); Freeman v. Package Mach Co., 865 F.2d 1331, 1347 (1st Cir.1988) ("Insofar as cost-shifting is concerned, laws such as 29 U.S.C. § 626(b) and 42 U.S.C. § 1988 seem sisters under the skin."). In determining whether to award a prevailing defendant attorney's fees, a court

must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co., 434 U.S. at 421-22, 98 S. Ct. 694.

Defendants' first summary judgment motion in the instant case dealt with plaintiffs' claims under § 1983, this court ruled that as a matter of law, that defendants did not violate 42 U.S.C. § 1983 and its merged § 1981 claim. However, in order to award the defendants attorneys' fees and costs in that proceeding, the court would be required to make a finding that the plaintiffs' claims were frivolous, unreasonable, or groundless. Whether a party's conduct is frivolous or without foundation is a question committed to the sound discretion of the district court. Christiansburg, 434 U.S. at 421, 98 S. Ct.. 694.

To establish a *prima facie* case, a §1983 plaintiff must prove by a preponderance of the evidence that defendant's conduct "caused him to be subjected to a deprivation of constitutional rights." Duchesne v. Sugarman, 566 F.2d 817, 831 (2d Cir.1977); see also Rizzo v. Goode, 423 U.S. 362, 370-71, 96 S. Ct. 598, 603-04, 46 L. Ed.2d 561 (1976). While the plaintiffs did not prove this element, which necessitated this court's dismissal of these claims, the court is boundby the Supreme Court and Second Circuit's difficult burden in assessing fees and costs to the defendant.

As previously indicated, *supra*, plaintiffs were granted leave to re-plead their Title VI claim to specifically address the fact that defendant school district was the recipient of federal funds, and, since the Title VI claim arose out of the same set of facts of record, if and when the re-pled complaint was forthcoming, the court would review it based on those facts. Courts granting leave to re-plead Title VI claims is commonplace. It often occurs where, as here, a

9

plaintiff neglects to allege that the defendant is the recipient of federal funds.

Plaintiffs' timely filed their Third Amended Complaint which incorporated plaintiffs prior allegations, and further averred that defendant school district received federal funds while the discriminatory actions of its employees were violating Title VI. Defendants then filed a summary judgment motion, which plaintiffs opposed.

Where a parties' complaint has been dismissed for failure to adequately set forth an element of their claim, and they have been given leave to re-plead in an effort to cure the deficiency, it is to be expected that the amended complaint will repeat the other allegations found in the original complaint. Indeed, without repetition of many of the original allegations, the amended complaint would fail to state a claim even if the original defect were cured..

Title VI provides that "no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d (1976). "The two elements for establishing a cause of action pursuant to Title VI are (1) that there is racial or national origin discrimination and (2) the entity engaging in discrimination is receiving federal financial assistance." Baker v. Board of Regents of State of Kansas, 991 F.2d 628, 631 (10th Cir.1993).

Because Title VI liability is based on a contractual-type relationship between the federal government and the receiver of a federal grant, only the local school district which actually receives the federal money may be held liable-not an employee of the entity. See, Floyd v. Waiters, 133 F.3d 786, 789 (11th Cir. 1998)(holding that only the local school district who received federal funds may be liable under Title VI).

Thereafter, the court determined that the facts of the case would not support plaintiffs' Title VI claim, granted defendant's summary judgment motion and dismissed the Third Amended Complaint.

The bare facts of this case present no indication that plaintiffs' suit was groundless. In November 1998, plaintiffs' daughter complained to her mother that she was being racially harassed at school by a group of students. This was a cause of great concern to her parents and her mother attempted to get the school district to prevent this harassment of her daughter by writing letters telephone calls, calling the police to go to the school if there was a problem, appearing before the School Board, filing formal complaints and attempting to have a meeting with the parents and students involved. Ultimately, plaintiffs removed their daughter from the defendants' school and transferred her to another district.

Under the circumstances of the instant case, plaintiffs complaint was neither frivolous nor without foundation, attempting to protect their child's well being was absolutely mandatory. The lawsuit was brought to obtain judicial review of defendant school district's policy regarding the handling of these incidents which plaintiffs felt failed to adequately protect their daughter. The plaintiffs' complaints adequately alleged the elements of a *prima facie* case of §1983 and Title VI violations and presented a factual dispute.

Defendants' rebuttal of plaintiffs' allegations was convincing, and though it was ultimately decided that the inference of discrimination had been eliminated, the court is unwilling to conclude that its failure to find in plaintiffs' favor renders their lawsuit frivolous. Nor is the court prepared to hold that the claims themselves are unreasonable, without foundation, or in bad faith. Johnson v. Nyack Hospital, 964 F.2d 116, 123 (2d Cir.1992).

Although plaintiffs' claims were ultimately unsuccessful, they did not fall to the level of frivolousness which would require us to bestow upon them the burden of attorney's fees, and defendants' motion for legal fees on the issues of plaintiffs' claims will be denied.

Furthermore, since the continuation of the § 1983 claim past discovery had only scant effect on the time and other resource costs of the litigation, the defendants would not be entitled to an award of fees even if the continuation of the § 1983 claim past discovery were frivolous. Hensley v. Eckerhart, 461 U.S. 424, 434-37, 103 S. Ct. 1933, 1940-41, 76 L. Ed.2d 40 (1983).

In light of the standards set forth above, the court declines to award attorney's fees to defendants. Although this court granted defendants motions for summary judgment, there is no indication that plaintiffs' claims were frivolous or entirely groundless. Defendants' argument that plaintiffs' case was unreasonable merely because they could not establish their case is the type of *post-hoc* reasoning this court must avoid. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22, 98 S. Ct. 694, 54 L. Ed.2d 648 (1978).

Accordingly, defendants' motion for attorneys fees and costs is denied.

**IT IS SO ORDERED**

Dated:  August 29, 2006
        Syracuse, New York

_Howard G. Munson_
Howard G. Munson
Senior U.S. District Judge